This is a suit in which plaintiff seeks to recover the sum of $500 alleged to have been received by the defendants, Tri-State Airmotive, Inc., Nat Pedro, Vice-President, and George A. Young, President, represented by the proceeds of a check for a like amount, drawn in favor of defendant, Pedro, to which check the name of plaintiff was signed without authority by his son, Clifton L. Turner, Jr. After trial there was judgment in favor of plaintiff as prayed for, from which judgment defendants bring this appeal.
The facts show that Clifton L. Turner, Jr., during the fall of 1946, was a flying student of the defendant, Tri-State Airmotive, Inc., under the personal instruction of the defendant, Pedro. On October 27, 1946, young Turner and the defendant, Pedro, engaged in a discussion with reference to the prospective purchase of a certain air plane, described as being a Stearman PT-17, owned by one Harry Marineaux, for whom Pedro claimed to be acting as agent. On the date in question *Page 708 
Turner gave the defendant, Pedro, the check which is the basis of this action. The check was drawn on the People's Bank Loan Company of Lewisville, Arkansas, to the order of Nat Pedro in the sum of $500. The check was not dated and was signed with the name "Clifton L. Turner."
On November 9, 1946, Clifton L. Turner, Jr., rented a plane of the defendant, Tri-State Airmotive, Inc., and seriously damaged the plane in making a forced landing. After some attempts to recover the damages sustained by the rented plane the $500 check was deposited on November 25, 1946, to the account of the Tri-State Airmotive, Inc. The check was duly paid by the drawee bank and charged to the account of Clifton L. Turner before the unauthorized signature was detected, at which time the drawee bank notified the First National Bank in Shreveport, which in turn notified the defendant corporation, requesting it to accept a chargeback of the amount against its account, which request was refused. This suit was subsequently filed.
Defendants filed an exception of no cause and no right of action based upon the contention that defendants were the bona fide holders of the check involved herein under the appropriate provision of the Uniform Negotiable Instruments Act, Act No. 64 of 1904, and were relieved of all liability by payment of the check by the drawee bank; and, further, that there was no privity of contract between plaintiff and the defendants. In other words, it was the contention of the defendants in support of their exception, as is further argued on the merits, that any action by this plaintiff for the recovery of the amount wrongfully paid on the unauthorized signature of plaintiff to the check should properly have been directed solely against the drawee bank, and that in the absence of any contractual relationship between plaintiff and the defendants there could be no right of action.
The exception was overruled, trial was had on the merits and judgment rendered in favor of plaintiff.
The same arguments which were advanced on behalf of defendants in support of their exception are presented on the merits to this matter, and we therefore proceed to a discussion of the issues raised.
We think defendants' contention, based upon the provision of the Uniform Negotiable Instruments Act would be entirely tenable provided the proper predicate had been established, namely, that the defendants were bona fide holders of the instrument, for value and in due course. But the facts of the case do not bear out this claim. While there is a conflict of testimony as to the circumstances under which the check was given and received, we think the evidence clearly preponderates in favor of plaintiff. The testimony of young Turner is plain as to the understanding with Pedro, at the time of the giving of the check, to the effect that the check was not to be negotiated but was simply to be used by Pedro for the purpose of influencing Marineaux, the owner of the plane, to hold the same for delivery to young Turner if and when he produced the purchase price thereof. This witness further testified that he told Pedro at the time that the check was no good and that he had no money in the bank. This testimony of Turner, although stoutly denied by Pedro, is substantially corroborated by another witness who was present at the time of the transaction. No attempt was made to negotiate the check until it was deposited on November 25th, almost a month after it was given, and then only following the incident concerned with the damaging of one of defendant's planes by Turner and the unsuccessful efforts of defendants to collect for this damage.
There is no showing in the record that any bona fide effort was made by defendants to prosecute to a conclusion the negotiations for the sale of the Marineaux plane, and, in fact, the identical plane was subsequently sold an another person.
We think it has been satisfactorily established, by reason of the related facts, that defendants were not holders in good faith and for value of the instrument which they sought to negotiate.
We are unable to perceive any merit in the contention that there was no privity of contract between plaintiff and these defendants. This is not a suit on contract, *Page 709 
but it is an action based on the right to recover a sum of money knowingly received by parties who were not in good faith.
The plain provisions of Article 2301 of the Civil Code require the restoration of sums received unduly, whether through error or knowingly, and Article 2311 provides for the payment of interest upon showing of want of good faith.
The evidence in this case appears to us to be conclusive on the point that the defendants knowingly attempted to offset an unliquidated claim against Clifton L. Turner, Jr., to the extent of the face amount of a check drawn upon the account of Clifton L. Turner, Sr., against whom they had no claim, and of which check they were not holders in good faith.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.