JOE R. VIDRINE, Judge.
Plaintiffs-appellants brought suit against defendants-appellees as makers of a promissory note made payable to the order to Myself/Ourselves and endorsed by defendants-appellees and identified with and secured by a real estate mortgage on defendants’ property.
The allegations of the petition, which for the purpose of considering the exceptions before us, are presumed true, are that defendants-appellees entered into a contract with plaintiffs-appellants for certain construction and improvement work on defendants’ property and as compensation therefor defendants did execute a promissory note made payable to the order of Myself/Ourselves for the sum of One Thousand Five Hundred Sixty-five and 40/ 100 ($1,565.40) Dollars, dated June 17, 1959, payable in sixty (60) consecutive monthly installments being due on August 1, 1959. Before any payments were made on the note plaintiffs-appellants did endorse and assign the note to a lending institution; namely, Securities Investment Company of St. Louis. Subsequent to this, and still before any payments were made by defendants-appellees, plaintiffs-appellants did repurchase the said promissory note from Securities Investment Company of St. Louis for due and adequate consideration. Through alleged error and inadvertence, Securities Investment Company of St. Louis marked the note “Paid” and sent same directly to the defendants-appel-lees instead of to plaintiffs-appellants; thereupon defendants-appellees, although no payment had been made by them on said note, did take the note and have cancelled the mortgage on their property.
Plaintiffs-appellants were met with an exception of no right or cause of action. The trial court sustained the exception of no right or cause of action, citing the provisions of LSA-R.S. 7:30, which provides:
“An instrument is negotiated when it is transferred from one person to another in such manner as to constitute *419 the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.”
The trial court reasoned that in view of the fact that the note was transferred (although in error) from the loan company to defendants-appellees, delivery was made. Hence, under LSA-R.S. 7:191 plaintiffs-appellants were not the holder of said note and therefore not entitled to sue thereon, since under LSA-R.S. 7:51 only the holder may sue on a negotiable instrument. The trial court further held that the note was discharged when it was marked paid and returned to the maker, citing LSA-R.S. 7:119 (3), (5). The tidal court further suggested in its judgment that plaintiffs-appellants should have sued the lending company, who actually made the mistake.
It is our view that these statutes relied upon by the lower court do not apply when error is alleged, which is the case here. Under LSA-R.S. 7:123, it is provided:
“A cancellation made unintentionally, or under mistake, or without the authority of the holder, is inoperative.”
 When fraud or error is alleged the statutes cited by the trial court do not apply for the reason that the holder is in bad faith, Turner v. Tri-state Airmotive Company, Inc., 33 So.2d 707, LSA-C.C. Articles 2301, 2302 and 2311 and LSA-R.S. 7:123. Admittedly plaintiffs-appellants have the right to sue the loan company. However, they also have the right to sue directly the maker who has in his possession the note which erroneously has been marked paid and erroneously returned to maker. See 23 Tulane Law Review 174. The reason for this salutory rule is that it avoids a multiplicity of lawsuits. We hold that the learned trial judge was in error in applying the cited statutes governing negotiable instruments in this case since eiTor was alleged.
Defendants-appellees argue very strenuously that even should we hold that the lower court was in error in applying these statutes, nevertheless, plaintiffs-appellants had the right to present evidence on the trial of the exception but failed to do so, and cannot now complain. Counsel for appellees argues that under the code of Civil Procedure of Louisiana, evidence can be introduced on the trial of a peremptory exception, and argues that the exception of no cause or right of ■ action is a peremptory exception. Appellees cite LSA-C.C.P. Article 927. However, with reference to evidence on trial of peremptory exception, the last paragraph of LSA-C.C. P., Article 931 provides:
“No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.”
The exception filed in this case by defendants-appellees is primarily an exception of no cause of action, and plaintiffs-appellants could not introduce evidence on the trial of that exception. There is no basis for sustaining the exception of no right of action.
Appellees have raised before this court for the first time another defense to the claim. They point out that suit was brought on the allegation that this was “The petition of LEO MERVIS and CELIA MERVIS, a commercial partnership, doing business as HOUSECRAFT, * Appellees argue in their brief that:
“ * * * plaintiff alleges it is a commercial partnership doing business as Housecraft, domiciled in the Parish of Orleans, State of Louisiana. There is no allegation to the effect that Leo Mervis and Celia Mervis are the sole and only partners of this said partnership, nor is there any allegation as to who the partners of this partnership are. There is no allegation to the effect that these partners have the authority to sue on behalf of the partnership. * * * It is advanced by defendant that under the provisions of *420 Article 688 of the Code of Civil Procedure, these allegations do not state plaintiff’s capacity sufficiently. Article 688 states as follows:
“ ‘A partnership has the procedural capacity to sue to enforce its rights in the partnership name and appears through and is represented by an authorized partner.’
* * * * * *
“In order to protect defendant’s rights and interests the Court must be certain that these are the representatives of this partnership and that if there is judgment in favor of the partnership, that the judgment will be rendered in favor of the proper parties. Therefore, defendant contends that under the law, the plaintiff has failed to comply with the provisions of the Code of Procedure and his suit must be dismissed.”
This argument is without merit because LSA-C.C.P. Article 85S provides:
“It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in the representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception.”
Since the dilatory exception of want of capacity has not been filed, there is nothing for us to pass on.
Therefore, this case is remanded to the trial court to be heard on its merits.
For these reasons, it is ordered that the judgment of the lower court sustaining the exception of no right or cause of action be and the same is hereby reversed.
It is further ordered, that this case be remanded to the trial court to be heard on the merits.
Reversed and remanded.